Swing, J.
Our Supreme Court, in the case of the Board of County Commissioners of Hamilton County v. The State of Ohio ex rel. Teasdale (32 Bull., 407), decided that the act passed May 21, 1894, known as the Fern Street Bridge Act, was constitutional. That act is similar to the one in question here, and we are unable to see why, if that act was valid, this is invalid. Due respect to the decision of our Supreme Court, it seems to us, requires that the act in question here should be held valid. If we did no consider ourselves so *201 bound, we would be inclined to hold that the act in question is a special act conferring corporate power, and therefore invalid. The. judgment of the court of common pleas is therefore reversed, and the cause remanded to said court for further proceedings.
Smith, J.
If the judgment of the Supreme Court, affirming that of the circuit court in the Fern street bridge case, without any further report, was intended as a holding that the statute under consideration in that case (Ohio Laws, volume 91, 826), did not attempt by a special act to confer corporate power upon the city of Cincinnati, I, too, am unable to see how, with a proper regard for the judgment of that superior tribunal, we are at liberty to hold that the principal objections urged by counsel against the constitutionality of this act are well taken, and as the questions properly arise on the face of the record and the statute,! suppose that we should .accept such to have been the decision of the Supreme Court.
But there is one provision in the statute involved in the present action, which was not in the others, and I am inclined to think that it does confer corporate power upon the city or its authorities, by a special act, and therefore that it is in violation of the constitutional provision referred to
The act expressly confers upon the county commissioners (in the event that they are requested so to do by the city authorities) power “to acquire by purchase, or condemnation, the land necessary to extend Gilbert avenue from its ■present terminus at Court street, southwardly on such line and grade as shall be located and established by the Board of Administration, to a point at or near the junction of Cleveland street, Eighth street and Eggleston avenue, and from thence westwardly along the present south side of Eighth street to Broadway in said city, including the land and easements necessary for lateral support.” And the *202 additional provision to which I refer is this, “said Board of Administration or Board of City Affairs, may include the ■ present width of the sidewalk along the present south side of Eighth street from Eggleston avenue to Broadway in said improvement. ”
Theo. Horstman, for Franklin Alter.
Corporation Counsel for City.
It seems to me that this is a grant of power to the city authorities to make a disposition of a part of one of the streets of the city, for a purpose and in a manner which, without this law, they would have no right to do, and this makes that provision in contravention of the constitution on this point, and that in all probability this would affect the validity of the whole statute.
I therefore favor the affirmance of the judgment.